BANASIAK *v.* COFFIN.

CHATTEL MORTGAGES—QUESTION WHETHER CONDITIONAL SALE CONTRACT WAS CHATTEL MORTGAGE PROPERLY WITHHELD FROM JURY UNDER EVIDENCE.

> In replevin for the possession of a truck, where neither the testimony nor the circumstances surrounding the transaction indicate that the parties understood that the plain language of the contract providing for a conditional sales contract retaining title and right to possession was in any way modified, the trial court was not in error in refusing to submit to the jury the question as to whether a chattel mortgage was intended rather than a conditional sale.[1]

Error to Wayne; Barton (Joseph), J., presiding. Submitted October 7, 1925.     (Docket No. 23.)     Decided December 22, 1925.

Replevin by Michael Banasiak, assignee of the American Packing Company, against Irving J. Coffin and another for the possession of a truck.     Judgment for plaintiff on a directed verdict.     Defendants bring error.     Affirmed.

*Bratton & Bratton,* for appellants.

*Frederick W. Bauer,* for appellee.

MOORE, J.     At the close of all the testimony the trial judge directed a verdict in favor of the plaintiff in the sum of $560.     A motion for a new trial was made and overruled.     The case is brought into this court by writ of error.

We quote from the brief of counsel:

"The questions presented by the record in this case

---

[1]Chattel Mortgages, 11 C. J. § 14; Sales, 35 Cyc. p. 660.
On the question as to what amounts to conditional sale, see note in 17 A. L. R. 1421.

deal with the construction of a contract, that is, whether it is a conditional-sales contract or a chattel mortgage, and whether or not error was committed .by the trial court in noti permitting the jury to pass upon the testimony and determine for itself whether or not a chattel mortgage was intended rather than a conditional sale, as claimed by the appellee.

"If only the instrument were considered, then we feel that in view of the recent decisions handed down by this court, the instrument in question might possibly by construed as a conditional-sales contract. But the courts seem, with equal force, to lay down the proposi-tion that the facts and circumstances surrounding the giving of such an instrument should be considered in determining what was the true intention of the parties.

"In other words, as we understand it, the courts are always endeavoring to determine what was in the minds of the contracting parties at the time * * * by considering what they did and said at the time. With that thought before us, we present this question for consideration."

Counsel quote from some of the testimony and in-sist that it should have been left to the jury to say whether it was a conditional sale; citing *Luce* v. *Stoll Realty Co.*, 201 Mich. 587; *National Cash Register Co.* v. *Paul*, 213 Mich. at p. 615 (17 A. L. R. 1416); *Burroughs Adding Machine Co.* v. *Wieselberg*, 230 Mich. 15.

The clause in the contract which is material reads:

"*Third:* That the title to said property and right to possession thereto shall be and remain in said first party until said sum of $5,000 and interest is paid in full."

The counsel for the appellee expresses himself as content with the cases cited by the appellants, and urges that in the quotation of the testimony by coun-sel, if the quotation had gone a little farther it would have shown that all the parties understood it was a conditional sale, and that the trial judge was justified

in directing a verdict.    It would serve no useful purpose to quote the testimony.    We content ourselves with saying that it, nor the circumstances surrounding the transaction, does not indicate that the parties to the contract understood that the plain language of the contract was in any way modified.

The judgment is affirmed, with costs to the appellee.

McDonald, C. J., and Clark, Bird, Sharpe, Steere, Fellows, and Wiest, JJ., concurred.